UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

NOT FOR PUBLICATION

JUAN GONZALEZ,

    Plaintiff,

v.                                       Case No. 6:13-cv-1576-Orl-37TBS

MIDLAND CREDIT MANAGEMENT, INC.,

    Defendant.

## ORDER

This case comes before the Court without oral argument on Plaintiff Juan Gonzalez's Motion to Strike Affirmative Defenses. (Doc. 12). The motion is due to be denied.

Plaintiff filed this case in state court alleging violations of the Florida Consumer Collection Practices Act, Fla. Stat. §§ 559.55-559.785, the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, and the Florida Consumer Collection Practices Act. (Doc. 2). Plaintiff alleges that Defendant Midland Credit Management, Inc. acquired his defaulted consumer debt from Fleet Bank. (Id., ¶¶ 19-22). Plaintiff does not believe Defendant has the documentation to support the alleged debt. (Id., ¶ 25). He complains that Defendant has corresponded with him in an attempt to collect the debt without providing the notice required by § 809(a) of the FDCPA. (Id., ¶¶ 29-31). Plaintiff also complains that he has received statements of the debt from Defendant that are false and misleading and he says the debt is time barred. (Id., ¶¶ 32-34).

Defendant removed the case to this Court on the ground that Plaintiff's FDCPA's claim presents a federal question under 28 U.S.C. § 1441 and the Court has supplemental jurisdiction over the state claims pursuant to 28 U.S.C. § 1367(a). (Doc. 1). Defendant subsequently answered and alleged the following affirmative defenses:

### FIRST DEFENSE

To the extent Plaintiff has entered into an arbitration agreement covering his claims against Midland, Plaintiff's claims are barred by said agreement.

### SECOND DEFENSE

To the extent Plaintiff agreed to waive his right to a jury trial in this action, Plaintiff is not entitled to a trial by jury.

### THIRD DEFENSE

To the extent, Plaintiff's claims relate conduct occurring beyond the applicable statute of limitations, they are barred.

### FOURTH DEFENSE

Any violation of the FCCPA or FDCPA, which Midland denies, was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

### FIFTH DEFENSE

Plaintiff's request for actual damages is barred by his failure to mitigate damages.

(Doc. 10, p. 10-11).

Plaintiff argues that Defendant's affirmative defenses should be stricken because they do not comply with the pleading requirements enunciated in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007) and <u>Ashcroft v. Iqbal</u>, 556 U.S. 662 (2009).

(Doc. 12).

A court has the authority to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Rule 12(f) FED.R.CIV.P. Parties employ motions to strike "to clean up the pleadings, streamline litigation, and avoid unnecessary forays into immaterial matters." McInerney v. Moyer Lumber & Hardware, Inc., 244 F.Supp.2d 393, 402 (E.D.Pa. 2002). A motion to strike is a drastic remedy generally disfavored by the courts, and will ordinarily be denied unless the material sought to be stricken is insufficient as a matter of law. Guarantee Ins. Co., v. Brand Mgmt. Service, Inc., No. 12-61670-CIV, 2013 WL 4496510 * 2 (S.D.Fla.); Guididas v. Community National Bank Corp., No. 8:11-cv-2545-T-30TBM, 2013 WL 230243 * 1 (M.D.Fla.); Gesell v. K-Mart Corp., No. 2:11-cv-130-FtM-36SPC, 2011 WL 3628878 * 1 (M.D.Fla.); Williams v. Asplundh Tree Expert Co., No. 3:05-cv-479-J-20MCR, 2006 WL 2474042 * 2 (M.D.Fla.). In Reyher v. Trans World Airlines, Inc., 881 F.Supp. 574, 576 (M.D.Fla. 1995), the court explained that it would "not exercise its discretion under the rule to strike a pleading unless the matter sought to be omitted has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." Because this is a difficult standard to satisfy, "[m]otions to strike are generally disfavored by the Court and are often considered time wasters." Somerset Pharm., Inc., v. Kimball, 168 F.R.D. 69, 71 (M.D.Fla. 1996). When it evaluates a motion to strike, the court "must treat all well pleaded facts as admitted and cannot consider matters beyond the pleadings." Florida Software Systems v.

Columbia/HCA Healthcare Corp., No. 97-2866-cv-T-17B, 1999 WL 781812 *1 (M.D.Fla.).

Affirmative defenses admit the averments in the complaint but avoid liability, in whole or in part, based upon new allegations showing excuse, justification or some other negating matter. Bluewater Trading LLC v. Willmar USA, Inc., No. 07-61284-CIV, 2008 WL 4179861 * 1 (S.D.Fla.). A party who pleads an affirmative defense must comply with the general requirements in FED.R.CIV.P. 8(b)(1)(A). Morrison v. Executive Aircraft Refinishing, Inc., 434 F.Supp.2d 1314, 1318 (S.D.Fla. 2005).

Affirmative defenses are subject to the general pleading requirements of Fed. R. Civ. P. 8: "A party must affirmatively state any avoidance or affirmative defense." Fed.R.Civ.P. 8(c). To comply with Rule 8, a party must provide "fair notice" of the defense and "the grounds upon which it rests." Drzik v. Haskell Co., 3:11-cv-379-J-32MCR, 2011 WL 2981565 * 1 (M.D.Fla.). A defendant does not have to aver detailed facts. Jackson v. City of Centreville, 269 F.R.D. 661, 663 (N.D.Ala. 2010) (the purpose of Rule 8(c) is to provide notice).

Affirmative defenses that are insufficient as a matter of law can be stricken if they fail to meet the general pleading requirements. United Fixtures Co. v. Base Mfg., 6:08-cv-506-Orl-28GJK, 2008 WL 4550212 * 4 (M.D.Fla.); Microsoft Corp. v. Jesse's Computers & Repair, Inc., 211 F.R.D. 681, 683 (M.D. Fla. 2002). If a defense is patently frivolous, invalid as a matter of law, or if it appears that the defendant cannot succeed under any set of facts which it could prove, the defense will be deemed insufficient and may be stricken. Florida Software Systems v. Columbia/HCA

Healthcare Corp., No. 97-2866-cv-T-17B, 1999 WL 781812 *1 (M.D.Fla.); Microsoft Corp., 211 F.R.D. at 683.

In Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007) and Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court announced a new, heightened pleading standard. The Eleventh Circuit has yet to decide whether this heightened standard applies to affirmative defenses and courts are divided on the question. Compare, Fine's Gallery, LLC v. From Europe To You, Inc., No. 2:11-cv-220-FtM-29SPC, 2011 WL 5583334 (M.D. Fla. Nov. 16, 2011), S.E.C. v. BIH Corp., 2:10-CV-577-FTM-29, 2013 WL 1212769 (M.D. Fla. Mar. 25, 2013), and Fine's Gallery, LLC v. From Europe To You, Inc., 2:11-CV-220-FTM-29, 2011 WL 5583334 (M.D. Fla. Nov. 16, 2011) (holding that the heightened standard does apply), with Adams v. JP Morgan Chase Bank, N.A., No. 3:11-cv-337-J-37-MCR, 2011 WL 2938467 (M.D. Fla. July 21, 2011); Ioselev v. Schilling, No. 3:10-cv-1091-J-34MCR, 2011 WL 5855342 (M.D. Fla. Nov. 22, 2011); Great Am. Assurance Co. v. Sanchuck, LLC, No. 8:10-cv-2568-T-33AEP, 2012 WL 1656751 (M.D. Fla. May 10, 2012); Jirau v. Camden Dev., Inc., 8:11-CV-73-T-33MAP, 2011 WL 2981818 (M.D. Fla. July 22, 2011), and Adams v. JP Morgan Chase Bank, N.A., 3:11-CV-337-J-37MCR, 2011 WL 2938467 (M.D. Fla. July 21, 2011) (holding that the heightened standard does not apply). See also Graphic Packaging International, Inc. v. C.W. Zumbiel Co., No. 3:10-cv-891-J-37JBT, 2011 WL 4862498 (M.D. Fla. Sept. 12, 2011), and Smith v. City of New Smyrna Beach, No. 6:11-cv-1110-Orl-31KRS, 2011 WL 6099547 (M.D. Fla. Dec. 7, 2011) (which rule without deciding the question).

The Adams court summarized the reasoning underlying the decisions finding that the Twombly and Iqbal standard does or does not apply to affirmative defenses. Adams v. JP Morgan Chase Bank, N.A., 2011 WL 2938467 at * 2-3.  Cases finding that the heightened standard does apply observe that "fairness, common sense and litigation efficiency require application of the same standard to both complaints and defenses" and therefore, "[t]he pleading of a defense should provide more than merely the possibility that the defense may exist."  In re Fischer, No. 08-74070-MHM, 2011 WL 1659873, at *1 (Bankr.N.D.Ga. April 12, 2011).  These courts also express the view that defenses which are nothing more than "boilerplate recitations or conclusory allegations clutter the docket and create the need for unnecessary or extended discovery." Id.

Cases holding that the heightened standard of pleading does not apply to affirmative defenses note the difference between Rule 8(a), which deals with the pleading requirements for complaints, and Rules 8(b) and (c), which deal with the pleading requirements for defenses.  While Rule 8(a)(2) requires a pleading stating a claim for relief to include "a short and plain statement of the claim showing that the pleader is entitled to relief," Rules 8(b) and 8(c) only require parties to state their defenses.  (Emphasis supplied).  These courts note that the Supreme Court, in establishing the heightened standard in Twombly and Iqbal, "relied heavily on the rule language purporting to require a 'showing' of entitlement to relief, meaning . . . that the pleader of a claim for relief must allege sufficient facts to 'show' that the claim is plausible.'" Adams v. JP Morgan Chase Bank, N.A., 2011 WL 2938467 at * 3 (quoting

2 Moore's Federal Practice, § 8.08[1] (Matthew Bender 3d ed.)).  These courts also note that the Supreme Court has not extended the Twombly and Iqbal standard to affirmative defenses.  And, at least one has found that requiring a defendant to plead detailed factual allegations is unfair when the defendant has only twenty-one days to respond to the complaint and does not have the opportunity to conduct investigations before responding.  Id. at * 4.  This Court agrees with those courts which hold that the pleading standard explained in Twombly and Iqbal does not apply to affirmative defenses.  The Court finds that Defendant's affirmative defenses provide Plaintiff with fair notice of what affirmative defenses Defendant intends to raise and accordingly, Plaintiff's Motion to Strike Affirmative Defenses (Doc. 12) is DENIED.

 IT IS SO ORDERED.

 DONE AND ORDERED in Orlando, Florida, on November 8, 2013.

THOMAS B. SMITH
United States Magistrate Judge

 Copies to all Counsel